Smith, P. J.
The appeal in this case is certified to this court by the superior court of Buffalo, two of the judges of that court being disqualified to hear it.
The indictment charges the defendant with perjury in falsely swearing to a bill or account held by him against the city of Buffalo. The bill was for services alleged to have been rendered by the claimant in cleaning out the vault of one of the public school houses of the city, under the employment of the commissioner' of public buildings. The bill as made out and verified by the defendant charged the city with having removed thirty-seven yards, nine feet of night soil at $2.25 per cubic yard, amounting to eighty-four dollars, and the indictment charges that only about six yards were removed, worth $13.50-; and in that partiular. consisted the alleged falsity of the affidavit.
*623 The charter of the city provides that all claims against the city shall be audited by the common council, and it requires that before any account for labor or services shall be audited, it shall be made out in detail and verified by the affidavit of the claimant to the effect that the work charged for had been done, and that the charges are reasonable and just, etc.
Corrupt, false swearing to any material fact, in such affidavit, is declared to be perjury It is, also, provided that before any such bill shall be presented to the common council for audit, it must be certified by the head of the department ordering the same, and in case of repairs on the public schools, by the principal of the school where the same was done
The indictment charges that the defendant presented the bill so made out and verified by him to the head of the department and the principal of the school, for the purpose of obtaining their certificates, and that he obtained the certificate of the head of the department, annexed to the bill, but it does not aver that he presented the bill to the common council for any purpose, or that he delivered it to any person to be so presented. For aught that is alleged he made no further use of said verified bill after obtaining such certificate, and presenting it to the principal of the school, and did not part with its possession.
The question arises whether perjury can be assigned upon the affidavit, it not having been used by the defendant, or delivered by him to any person to be used in procuring an audit of the bill, by presenting it to the common council.
In Ortner v. The People (4 Hun, 323), an indictment for perjury upon an affidavit made for the purpose of obtaining audit of a claim against the city of Buffalo, was held fatally defective, it not averring that the affidavit was authorized by the charter, or that it was made for the purpose required thereby, or that the claim to which it was appended was ever presented to the council for audit. The averment in that case was that the defendant caused his bill to be presented to the engineer of the city, and that he made the affidavit before a clerk in the office of the engineer, who was a commissioner of deeds. But it was not averred that it was any part of the engineers duties to receive the bill, or that he, in fact, received it for any purpose connected with an audit.
It is contended by the appellant’s counsel that there are certain allegations in the indictment, in the present case, which distinguish it from Ortner's Case. Those allegations are (1) that the defendant made the affidavit for the purpose of procuring the audit and payment of the bill, and *624 that he was required, by law and the charter, to make such .affidavit before the bill should be certified by the commissioner; (2) that, he presented said verified bill to the commissioner and the principal of the school for their respective, certificates, with the intention and for the purpose of procuring the audit and payment of the bill; and (3) that at the time when he made the affidavit, it was a material question whether he had rendered the services charged in the bill.
As we regard the case, the only material averment in these allegations is the averment that the law and the charter required that the verification should precede the certificates. The question whether the claimant had rendered the services charged in the bill was not material, except for the purpose of audit and payment. The fact that the claimant made the affidavit with the intention of presenting the bill so verified to the common council for audit, was unimportant, unless the intent was consummated by a presentation of the bill, or a parting with it for that purpose. If he abandoned the design and suppressed the affidavit, the offense was not complete unless, as the indictment avers, the affidavit was a pre-requisite to the certification, by the superintendent, of the department or the principal or the school. The averment upon that subís a legal conclusion, and its correctness is questioned by the demurrer. The indictment refers to no provision of law, in the charter or elsewhere, sustaining that position. The appellant’s counsel refers to none, in his printed brief or his argument. We are not aware of any such provision, and we think there is none. If there is any ordinance of the city, sustaining the averment, it should have been set out in the indictment.
In disposing of the case, therefore, we are to assume, as the result of the averments in the indictment, that the bill was not required by law to be verified until it was presented to the common council for its action; that neither the superintendent nor the principal of the school had authority to receive the bill for the common council, nor did they assume to do so; and that the making of the affidavit by the claimant, before presenting the bills to them for certification was a voluntary act on his part, which neither of them could require. In this view the case is clearly within the principle upon which the case of Ortner was decided.
The provisions of the Penal Code, referred to by the appellant’s counsel, do not aid him. The affidavit made by the defendant, in view of the only use to which it was put, was not one to which section 96 of that Code relates. It was neither “required by law,” nor necessary for the prosecution or defense of a private right, or for the ends of *625 public justice,” nor was it one which, might “lawfully be administered ” by the officers or persons to whom it was presented. And by section 100 the affidavit was not complete, it not having been ‘ ‘ delivered by the defendant to any other person with intent that it be uttered or published as true.”
The case of The People v. Bowe (34 Hun, 528), cited by the appellant’s counsel, does not conflict with these views, as for aught that appears from the report of that case, and as is to be assumed, the account, as verified, was there delivered to the auditing board for its action. That being the case, the affidavit was one required by law, and was complete.
The result is that the judgment of the superior court should be affirmed, and the case remitted to that court.
Bradley, J., concurs.